CLD-024                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 14-1645
———————

JAMES OSCAR WRIGHT,
Appellant

v.

WARDEN, FOREST SCI; ERIC TICE; Dep. Warden;
MICHAEL OVERMYER, Dep. Warden;
TED MORRISON, Safety Manager

————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 1:12-cv-00217)
Magistrate Judge:  Honorable Susan Paradise Baxter

————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit Judges</u>

(Filed: November 17, 2014)
—————

OPINION[*]
—————

PER CURIAM

James Oscar Wright, a state prisoner proceeding pro se, appeals from the order

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

dismissing his complaint. We will affirm.

Wright, who is incarcerated at SCI-Forest in Marienville, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 in September, 2012. He alleged that he cut his forearm on a "razor sharp" shower door in March 2012 and that nothing had been done to fix the dangerous door.[1] Wright filed a grievance. In response, the SCI-Forest Safety Manager stated that a tradesman would be sent to remove any sharp edges found on the door. Wright appealed. In May 2012, an appeal decision was issued, upholding in part and denying in part Wright's grievance. Specifically, the grievance was upheld to the extent that sharp edges were found on the door. But repairs were made, and the grievance was denied to the extent that Wright alleged that a hazardous situation existed throughout the institution and that the institution displayed willful neglect. Wright then filed suit in District Court, seeking an injunction against retaliation and compensatory and punitive damages. The parties consented to proceed before a United States Magistrate Judge, and the Defendants moved to dismiss the complaint for failure to state

---

[1] The full extent of the allegations in the complaint are, verbatim:

> While showering on this day, I found myself in a unsafe environment in which while retrieving my soap that slipped out of my hand and under the steel shower onto the floor. While retrieving the soap my right forearm came into contact with the bottom of said steel door which is razor sharp edge, which left me with a wound. A cut across my forearm that required (5) stitches. And today the situation is still the same! UNSAFE! On 3-7-12 my grievance was reviewed investigation & review of policy & work practices work order system 2012 FRS-3346 for immediate removal. Nothing has been done!

Complaint at 3-4, Wright v. Sauers, et al., No. 12-cv-217 (W.D. Pa. Feb. 20, 2014), ECF No. 12.

a claim. The motion was granted on the basis that Wright had failed to allege sufficient personal involvement by the Defendants. The Magistrate Judge also concluded that amendment of the complaint would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the decision to grant the motion to dismiss. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering a motion to dismiss a complaint, a court must view the factual allegations as true and dismiss only if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We may affirm on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

A defendant in a section 1983 action "must have personal involvement in the alleged wrongs," which can be shown by "allegations of personal direction." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Wright's allegation against Defendants Sauers, Tice, and Overmyer is that they had a "statutory duty to enforce policies" and govern the "conduct of their subordinates." Pl.'s Mot. in Opposition to Defs.' Mot. to Dismiss at 2-3, Wright v. Sauers, et al., No. 12-cv-217 (W.D. Pa. Feb. 20, 2014), ECF No. 24. He made a similar allegation against Defendant Morrison, the Safety Manager at SCI-Forest. Id. at 3. These allegations fail to suggest that the Defendants were personally involved in creating or maintaining the dangerous condition of the shower door. Thus, Wright failed to plead facts that would, if proven, establish the Defendants' liability under section 1983. See Evancho v. Fisher, 423 F.3d 347, 353 (3d

3

Cir. 2005). It appears that Wright relied on the supervisory role of the Defendants, but liability under section 1983 cannot be based solely on a theory of respondeat superior. See Rode, 845 F.2d at 1207.

To the extent that Wright alleged that Defendant Morrison, the Safety Manager, was personally involved because he responded to the grievance, we note that Wright did not allege that Morrison ignored dangerous conditions in the prison showers, or in some way acted or declined to act despite knowing there was a substantial risk of dangerous conditions in the showers. See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 320, 325 (3d Cir. 2014).[2] On the contrary, Wright alleged only that nothing was done in response to his grievance. Courts are not required to credit such bald assertions when deciding a motion to dismiss. Evancho, 423 F.3d at 354. Accordingly, we agree with the Magistrate Judge's conclusion that Wright failed to allege sufficient personal involvement by the Defendants to state a claim under section 1983.

On appeal, Wright draws our attention to the fact that he filed a motion to amend his complaint, which was denied by the Magistrate Judge. To the extent he is arguing that the ruling was in error, we note that he filed the motion *after* the District Court dismissed his complaint and gave no indication of how he would remedy his deficient allegations. Nor has he done so on appeal. Furthermore, even if Wright could allege sufficient facts regarding the personal involvement of the Defendants, his claim is still

---

[2] The level of intent necessary to establish supervisory liability derives from the underlying constitutional tort alleged. Barkes, 766 F.3d at 319. To the extent that Wright made a prison conditions claim under the Eighth Amendment, he had to plead facts sufficient to allege that Morrison was deliberately indifferent to inmates' health and safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). He failed to do so.

4

essentially one of mere negligence, which is not viable under section 1983.  See

Davidson v. Cannon, 474 U.S. 344, 347 (1986); Singletary v. Pa. Dep't of Corr., 266

F.3d 186, 193 n.2 (3d Cir. 2001).  No additional allegations regarding the shower door

could cure the defects in Wright's complaint, so amendment would have been  futile.

For the foregoing reasons, we will summarily affirm the Magistrate Judge's order

dismissing Wright's complaint.  In light of this disposition, we will deny the motion for

appointment of counsel.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.